# ANNA L. CHAMBERLAIN v. CHARLES HUDSON GORDON.[2]

March 19, 1915.

Nos. 19,063—(267).

**Will — undue influence.**
The finding of the trial court that the execution of a will was procured by

---

[1] Reported in 151 N. W. 1102.　　　　　　[2] Reported in 151 N. W. 529.

undue influence is not manifestly contrary to the evidence and hence cannot be set aside. [Reporter.]

Anna L. Chamberlain petitioned the probate court for Steele county to admit to probate the last will and testament of Polly Gordon, deceased. Charles Hudson Gordon filed objections to the allowance of the will on the ground that undue influence had been used to obtain its execution. From an order of the probate court denying the petition to admit the will, proponent appealed to the district court for that county. The appeal was heard before Childress, J., who made findings affirming the order of the probate court. From an order denying her motion for a new trial, proponent appealed. Affirmed.

*T. H. Salmon* and *F. A. Alexander*, for appellant.

*J. A. & A. W. Sawyer*, for respondent.

PER CURIAM.

Polly Gordon died October 27, 1912, at the advanced age of 89 years, leaving as her heirs at law Anna L. Chamberlain, a daughter, and C. Hudson Gordon, the son of a deceased son. Shortly after her death, the daughter presented an instrument purporting to be her last will and testament, to the probate court of Steele county, for probate and allowance as such last will and testament. The will gave all the decedent's property to the daughter and named the daughter as executrix. The grandson filed objections thereto, and the will was disallowed and rejected by the probate court. The proponent appealed to the district court. That court found as a fact that the execution of the will was procured by undue influence, and affirmed the decision of the probate court. A further appeal brings the case before this court.

The only question presented is whether the evidence is sufficient to sustain the finding that the execution of the will was procured by undue influence. This court can interfere with a finding of fact made by the trial court only when such finding is manifestly contrary to the evidence. 1 Dunnell, Minn. Dig. § 411. After a careful examination of the record, we have reached the conclusion that the evidence, together with the inferences which the trial court could legitimately draw therefrom, is sufficient to sustain the conclusion reached by that court.

After the death of her husband the decedent resided with her son, contestant's father, until his death, and thereafter resided with proponent until her own death. A review of the evidence would serve no useful purpose, and we shall not discuss it further than to say that the court could infer therefrom that, during the last years of her mother's life, proponent sought to obtain the larger portion of her property, to prevent her from associating with contestant or his family, and to keep her under proponent's own influence, and was instrumental in procuring the drafting and execution of the will.

Order affirmed.